OPINION
Appellant-appellant, Bret A. Newman, appeals from a judgment of the Franklin County Court of Common Pleas affirming the decision of appellee-appellee, the Civil Service Commission of Columbus ("commission"), to remove appellant's name from the police officer's eligible list.
In January 1995, appellant completed a personal history questionnaire as part of his application for the position of police officer with the Columbus Police Department ("CPD"). By letter dated March 15, 1996, the commission informed appellant his name had been removed from the eligible list because of information revealed in his background investigation which purportedly violated the "Background Removal Standards for Police Officers." A memorandum dated March 15, 1996, gave various reasons for appellant's removal, including his failure to answer question thirteen on the personal history questionnaire which asked, "Are you presently under indictment or a defendant in any pending criminal, traffic, or civil actions?"
After an administrative review and another letter denying his request for reinstatement to the eligible list, appellant appealed first to the common pleas court, and then to this court. This court reversed the commission's decision, rejecting two of the reasons the commission cited for removing appellant's name from the police eligible list. The matter was remanded to the commission to render a new decision that set forth reasoning that would allow meaningful appellate review of the commission's decision. Newman v. Civil Service Comm. (Aug. 27, 1998), Franklin App. No. 97AP-1695, unreported (Memorandum Decision).
On remand, the commission kept appellant's name off the police eligible list, expressly noting in a hearing on the matter that appellant was removed from the eligible list solely because he concealed disqualifying information by failing to answer question thirteen. Pursuant to the commission's "Background Removal Standards for Police Officers," as pertinent here, an applicant can be removed from the eligible list for (1) "[a]ny intentional falsehood or attempt to conceal disqualifying information during the selection process," or (2) "[n]on-compliance with a court order or legal contract to provide child support, alimony or other financial responsibility determined by a finding of any court of law within five (5) years."
Pursuant to R.C. 2506.04, appellant again appealed the commission's decision to the common pleas court, which affirmed the commission's decision. Appellant appeals, assigning the following error:
 THAT THE DECISION AND JOURNAL ENTRY DATED SEPTEMBER 2, 1999, OF THE FRANKLIN COUNTY COURT OF COMMON PLEAS, ARE CONTRARY TO LAW IN STATING THAT THE REMOVAL OF APPELLANT'S NAME FROM THE ELIGIBLE LIST IS NOT UNCONSTITUTIONAL, ILLEGAL, ARBITRARY, CAPRICIOUS, UNREASONABLE OR UNSUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE ON THE WHOLE RECORD.
The standard of review by the court of common pleas is set forth in R.C. 2506.04: "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court."
Applying that standard, the common pleas court noted that dishonesty or falsification alone were grounds for removal under the "Background Removal Standards for Police Officers." Because it found appellant had failed to disclose a pending court dispute, the common pleas court concluded that it could not find the commission's order qualified for reversal under R.C. 2506.04. Thus, the common pleas court affirmed the commission's order. The commission, however, removed appellant from the eligible list based not on dishonesty or falsification, but on his attempt to conceal disqualifying information. To affirm the commission's decision, the record must contain a preponderance of reliable, probative and substantial evidence to show that appellant attempted to conceal disqualifying information, as a simple failure to respond is not listed in the "Background Removal Standards for Police Officers" as grounds, in and of itself, to remove appellant's name from the police eligible list.
The only evidence before the commission potentially suggesting any undisclosed disqualifying information was an order appointing a guardian ad litem for appellant's daughter in a domestic relations case involving appellant and his ex-wife. While the "Background Removal Standards for Police Officers" provides "[n]on-compliance with a court order or legal contract to provide child support, alimony or other financial responsibility determined by a finding of any court of law within five (5) years" is grounds for removal from the eligible list, the evidence regarding a guardian ad litem is not such disqualifying information. Indeed, the order from the domestic relations case does not indicate any failure by appellant to provide child support, spousal support or any other financial responsibility determined by any court within the last five years. To the contrary, a letter written by counsel for appellant's ex-wife advised that the hearing regarding the appointment of a guardianad litem was to determine what custody arrangements would be in the best interest of the child. Similarly, in a letter written to the commission, appellant told the commission that the domestic hearing was for matters concerning shared parenting issues and his ex-wife's request for more child support. Finally, the commission had a letter from the Franklin County Child Support Enforcement Agency dated February 14, 1996, in which the agency confirmed appellant's prompt payments of his child support obligation. Because those letters were in the commission's record when it denied appellant eligibility, the commission was without sufficient evidence of disqualifying information related to the domestic case.
In the final analysis, as the record of the commission's meeting on the matter demonstrates, the commission had no direct evidence that appellant was not paying court-ordered support. Moreover, no other evidence before the commission suggested appellant's failure to respond to question thirteen concealed any other potentially disqualifying information. Because the commission did not have a preponderance of reliable, probative and substantial evidence to support its decision that appellant attempted to conceal any disqualifying information, appellant's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to the common pleas court with instructions to return the matter to the commission for reinstatement of appellant's name to the police eligible list.
Judgment reversed and case remanded with instructions.
 ________________________________ BRYANT, PRESIDING JUDGE
KENNEDY and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.